# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:   4:06 CR 177 |
|  | ) |  |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| JASON TAYLOR, | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Defendant. | ) |  |

This matter comes before the Court upon the Motion of Defendant [Jason Taylor] for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).  (ECF #572).  Mr. Taylor was sentenced in September of 2006 to 140 months in the custody of the Bureau of Prisons to be followed by five years of supervised release.  (ECF #228).   His conviction and sentence were entered pursuant to a written plea agreement, wherein Mr. Taylor entered a plea of guilty to Count One of the indictment.  Count One charged him with conspiracy to possess with the intent to distribute and distribution of cocaine, crack cocaine and marijuana in violation of Title 21, Section 846 of the United States Code.  Mr. Taylor and the government agreed and stipulated that the amount of crack cocaine conspired to be possessed with intent to distribute and distributed by the Defendant under Count One was at least 50 grams, but less than 150 grams, which at the time of sentencing corresponded to a base offense level of 32.  Mr. Taylor was entitled to a three level reduction for acceptance of responsibility and was eligible for a one level downward departure for substantial assistance.  (ECF #224).  Mr. Taylor was found to be a criminal history category VI..

In 2008, this Court granted Mr. Taylor's unopposed motion for a sentencing reduction under the 2008 crack cocaine amendments (Amendment 706). (ECF #463). This resulted in a new guideline range of 120 to 150 months. The Court re-sentenced Mr. Taylor to 120 months, which was also the statutory mandatory minimum sentence. Mr. Taylor now seeks an additional reduction in his sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, pursuant to changes set forth in Guideline Amendment 750. Guideline Amendment 750, among other things, altered the base offense levels associated with the amount of cocaine base at issue in a particular case. This Amendment , including the drug quantity table set forth in U.S.S.G. § 2D1.1, was made retroactive as of November 1, 2011.

Mr. Taylor argues that his sentence should be reduced to reflect the lower base offense level assigned to the amount of crack cocaine at issue in his plea agreement. He contends that he should be sentenced based on base offense level to 28, and his final level (following a reduction of three levels reduction for acceptance of responsibility, and a one level downward departure for substantial assistance) of 24. With a criminal history of VI, this would create a sentencing range of 100 to 125 months.

The government opposes Mr. Taylor's motion on the basis that his original sentence was subject to a mandatory minimum of 120 months, prior to the departure and reduction for substantial assistance.  The government argues that the Sixth Circuit has held that the mandatory minimum, and not Mr. Taylor's base offense level and criminal history, created the applicable sentencing guidelines to be applied in this case, and that because the mandatory minimum sentence has not been retroactively reduced, there can be no reduction of the guideline range resulting from Guideline Amendment 750.

Mr. Taylor counters that because he is entitled to a downward departure for substantial assistance, and because his actual sentence was based on the sentencing guidelines as applied to his base offense level and criminal history, his sentence was based on the guidelines.  Therefore, he argues that the guidelines, not the mandatory statutory minimum were the basis for his sentence, Guideline Amendment 750 directly affects his sentencing range, and should be applied retroactively to reduce his sentence.

Pursuant to 18 U.S.C. § 3582, a court may reduce the sentence of a defendant who: (1) has been imprisoned  based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and (2)  if such a reduction is consistent with applicable policy statements issued by the Commission.  Mr. Taylor's sentence was explicitly based on the sentencing range established by the previous Sentencing Guidelines.  At his original sentencing, defendant's sentence was determined in accordance with U.S.S.G. §§ 1B1.2 ("Applicable Guidelines") and 1B1.3 ("Factors that Determine the Guideline Range") by calculating his base offense level under U.S.S.G. Chapter Two (base offense level 32); calculating adjustments under Chapter Three (three level reduction for acceptance of responsibility, and a two level enhancement for an aggravated role); calculating his criminal history category under Chapter Four (criminal history category VI); calculating the corresponding sentencing range under Chapter Five's Sentencing Table (151 to 188 months); and applying the § 5K1.1 departure requested by the government (one level for substantial assistance).  This provided an adjusted total offence level of 29, and applicable guideline range of 140 to 175 months.   Later, when the Court applied the retroactive 706 Amendments, the base offense level changed to 30, with an adjusted level of 26.  This resulted in an amended range of 120 to 150 months.

3

In accordance with 18 U.S.C. § 3553(e), this Court, therefore, having determined that a 5K1.1 departure was warranted, and that 5G1.1 would not be applied in this case, calculated the appropriate sentencing range pursuant to the sentencing guidelines, and chose a sentence within that range, which also corresponded with the statutory mandatory minimum sentence.  Mr. Taylor's sentence was, therefore, based on the sentencing range established by calculating the base offense level, criminal history category, and applicable adjustments provided for within the Sentencing Guidelines for the crime he pled guilty to, as required under U.S.S.G. §1B1.2.  *See, Freeman v. United States*, 131 S. Ct. 2685, 180 L.Ed. 519 (2011)(if the Guideline sentencing range is expressly used to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is "based on" the range employed and is eligible for reduction);  *United States v. Hameed,* 614 F.3d 259  (6th Cir. 2010)(a sentence was "based on" a subsequently lowered guideline range if the court "in fact" based the original sentence on the guideline determination of the base offense level); *United States v. Pembrook*, 609 F.3d 381 (6th Cir. 2010).  Because his sentence was in fact based on the base offense level assigned to the amount of crack cocaine address by his plea agreement, and the base offense level for the crime he pled guilty to has been subsequently lowered by the Sentencing Commission, he would be eligible for a corresponding reduction in his sentence if a reduction in his sentence were consistent with the applicable policy statements issued by the Commission.

Contrary to the government's argument, Mr. Taylor would have received a lower sentence had the new guidelines been in effect at the time of his sentencing, because the Court would have calculated his sentence based on reductions taken from the new lower base offense

level connected to the quantities outlined in his plea agreement.  However, the Sixth Circuit has repeatedly held, when applying Amendment 706, that a mandatory minimum sentence, and not the guideline range established by calculating the base offense level and criminal history is what constitutes the "applicable guideline range" for purposes of applying U.S.S.G. § 1B1.10.  This interpretation has been applied by the Sixth Circuit even when the mandatory minimum is transcended by an application of 18 U.S.C. § 3553(e), which authorizes the Court to depart from that mandatory minimum sentence when the defendant has provided substantial assistance to the government in the investigation and prosecution of other crimes.  Because there is nothing in Amendment 750 that sufficiently changes the language or application of the retroactivity provisions that applied to Amendment 706, this Court is restrained by the Sixth Circuit's previous interpretation of what constitutes the "applicable guideline range," for purposes of satisfying the applicable policy statements of the Sentencing Commission.

The Sixth Circuit has determined that the range obtained by calculating the base offense level, applicable adjustments, and criminal history category is not the "applicable guideline range" for a defendant who is subject to a statutory minimum, even if that minimum is transcended or pierced by application of 18 U.S.C. § 3553(e).  Therefore, although Mr. Taylor's sentence was indeed based on the amended guideline range, we are bound to find that the altered base offense level would not change the "applicable guideline range," which is dictated by the statutory mandatory minimum, under the Sixth Circuit's interpretation of the Sentencing Commission's policy statements.  Therefore, a reduction in this case would not be consistent with the applicable policy statements issued by the Commission.

For these reasons, Defendant's Motion (ECF #576) is hereby DENIED.  IT IS SO

5

ORDERED.

     /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  March 30, 2012